Dear Representative Ortwerth:
This opinion letter is in response to your question which can be summarized as follows:
 Does Article VI, Section 23 of the Missouri Constitution permit a political subdivision of Missouri to retain the capital stock of a for-profit corporation which has been donated to it?
Article VI, Section 23 of the Missouri Constitution (1945), provides "No . . . political corporation or subdivision of the state shall own . . . stock in any corporation . . . ." In interpreting this constitutional provision, consideration must be given to its purpose and a reasonable interpretation made of the language used. See Rathjen v. Reorganized School DistrictR-II of Shelby County, 284 S.W.2d 516, 524 (Mo. banc 1955). Unless a contrary intent is shown, the meaning of language used in a constitutional provision is presumed to be its natural and ordinary meaning. Roberts v. McNary, 636 S.W.2d 332, 335 (Mo. banc 1982). Boone County Court v. State, 631 S.W.2d 321, 324
(Mo. banc 1982).
Except in circumstances discussed below, there is no evidence Missouri voters intended the language in Article VI, Section 23 of the Missouri Constitution (1945) to have other than its ordinary and commonly understood meaning. The provision's purposes, according to appellate courts of other states that have construed similar constitutional provisions, include keeping government out of private business, Dade CountyBoard of Public Instruction v. Michigan Mutual Liability Company,174 So.2d 3, 5-6 (Fla. 1965), restricting the activities and functions of political subdivisions to government and prohibiting their direct or indirect engagement in commercial enterprise for profit, Bailey v. City of Tampa, 111 So. 119,120 (Fla. 1926), or entry into private business. State ex rel.Johnson v. Consumers Public Power Dist., 10 N.W.2d 784, 794
(Neb. 1943); Long v. Mayo, 111 S.W.2d 633, 635 (Ky.App. 1937).
It has been held that Article VI, Section 23 of the Missouri Constitution (1945) does not prohibit acquisition by a political subdivision of all capital stock of a corporation solely for the purpose of lawfully acquiring the physical property of the corporation for a legally authorized public use. City ofSpringfield v. Monday, 185 S.W.2d 788, 792-793 (Mo. banc 1945). See also Brazos River Authority v. Carr, 405 S.W.2d 689,694 (Tex. 1966); State ex rel. Johnson v. Consumers PublicPower Dist., supra at 794; Cawood v. Coleman, 172 S.W.2d 548,550 (Ky.App. 1943); Long v. Mayo, supra at 635-637;The People ex rel. Murphy v. Kelly, 76 N.Y. 475, 487 (1879). In City of Springfield v. Monday, supra, the Missouri Supreme Court held that a city ordinance authorizing purchase of all the capital stock of a public utility company for the sole purpose of acquiring and operating its physical utility properties and providing for immediate dissolution of the corporation did not violate the constitutional provision prohibiting stock subscription by a political subdivision. Significantly, the city was empowered to own and operate a public utility, and stock purchase was an economical way to acquire the requisite property.
Therefore, it is the opinion of this office that corporate stock donated to the political subdivision must be disposed of within a reasonable time, taking into account the board of directors' fiduciary obligation to maximize the benefit to the political subdivision. It is not possible to precisely quantify what constitutes a reasonable time in a particular case. This will depend upon the relevant facts and circumstances of each situation. Economic reasons for holding the stock until certain action is taken in order to maximize the price or value which may be realized upon the disposition may be taken into account.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General